IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 14-0072-CG-C |
| | ) | |
| **280 Cody Road South, Mobile, AL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on plaintiff's Motion for Entry of Order of Forfeiture (Doc. 23).   For cause shown, the Motion is **GRANTED**.

The defendant real property is 280 Cody Road South, in Mobile County, Alabama, with a legal description of:

> **LOT 38 IN BLOCK 6, HIGHLAND PARK SUBDIVISION, ACCORDING TO PLAT THEROF RECORDED IN MAP BOOK 4, PAGE 380 OF THE RECORDS IN THE OFFICE OF THE JUDGE OF PROBATE, MOBILE COUNTY, ALABAMA.**

The most recent deed places title to the defendant property in the name of Michael Wilson.

18 U.S.C. § 985 governs civil forfeiture actions filed against real property.   It provides:

"The Government shall initiate a civil forfeiture action against real property by -
    (A) filing a complaint for forfeiture;
    (B) posting a notice of the complaint on the property; and
    (C) serving notice on the property owner, along with a copy of the complaint."

On March 10, 2014, the Court authorized the plaintiff to file a Complaint for Forfeiture in Rem against the defendant real property under seal, and to delay for 120 days serving notice to potential claimants, publishing notice, and posting the property.   The Court later extended the seal and delay, but ordered that the case would be unsealed on September 9, 2014, unless ordered extended by the Court for good cause shown in a motion by the plaintiff. No such motion was filed, and the case proceeded.

Pursuant to 18 U.S.C. § 985(c)(1)(B), in September 30, 2014, the U.S. Marshals Service (USMS) posted a copy of the complaint and notice on the residence located on the property.   Once done, no further action was necessary for the Court to have in rem jurisdiction over it. § 985(c)(3).

The U.S. Marshal's Service served Wilbert Richards and Michael Wilson, with a copy of the complaint and notice, on October 14 and November 4, 2014, respectively.

Under Rules G(4)(b)(ii)(B) and G(5), Wilbert Richards had 35 days after service to file a claim and 21 days after that to file a motion or answer.   Therefore, Richards had until November 18, 2014, to file a claim, and until December 9, 2014, to file a motion or answer.   He has filed none of the required responsive pleadings to oppose forfeiture of the defendant property, and his time to do so has expired.

Michael Wilson, through an attorney, filed but then moved to withdraw a purported claim, which the Court granted.[1]

18 U.S.C. § 985 does not mention publication of notice. However, Rule G(4)(a)(i), requires publication of notice.   "A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders[,]" except in circumstances not applicable here. As a result, beginning on October 17, 2014, plaintiff published notice on an official government internet forfeiture website at www.forfeiture.gov for 30 consecutive days.   Any putative claimants who received notice by internet publication had to file a claim no later than 60 days after the first date of publication on the official government forfeiture website (by December 16, 2014).   *See* Rule G(5)(ii)(B).   No putative claimant who received notice by internet publication filed a timely claim, motion or answer and the deadline to do so has expired. Supplemental Rule G(5)(b).   Therefore, there are no claims in opposition to

---

[1] As the plaintiff points out, Wilson's claim did not meet the requirements of Rule G(5), which required that he personally sign the claim under penalty of perjury.   Absent such a claim, and having filed no answer, Wilson lacked standing due to these pleadings defects. *United States v. $125,934.62*, 370 F. 3d 1325, 1328 (11th Cir. 2004)( a verified claim is essential to conferring statutory standing and is necessary to deter the filing of false claims; claim must be verified by the claimant, not by counsel.); *United States v. 40 acres*, 629 F. Supp. 2d 1264, 1275 (S.D. Ala. 2009)(pleading requirements in Rule G(5) must be strictly enforced; claimant who filed claim but no answer lacked statutory standing) (collecting cases). Nevertheless, had Wilson established standing, he would have had difficulty proving that he was an innocent owner of the property under § 983(d)(6), as the Court concludes that it is likely Wilson was a nominee buyer for Richards. Among the facts supporting this conclusion are: Richards's payment of nearly $180,000 in cash for renovations and improvements to the defendant property along with his occupation of it once completed, and Wilson's lack of any involvement in the renovation process or shouldering any of the costs. *See e.g., United States v. 2930 Greenleaf St.,* 920 F. Supp. 639, 646 ( E.D. Pa. 1996)(claimant who held deed to real property, but did not have possession of the property or exercise dominion or control over it at any time, lacked standing); *United States v. 10.027 Acres*, 2013 WL 2155994, *3 n.5 (M.D.N.C. May 17, 2013)(claimant could not be an innocent owner under § 983(d)(6) because although her name was on the deed, she exercised no dominion or control over the property). Therefore, had Wilson not been permitted to withdraw his purported claim, or had he filed a proper one, it is likely that he would have been unable to show that he was an innocent owner.

forfeiture of the defendant property, and there are existing claims in the complaint pursuant to which it may be ordered forfeited to the plaintiff.

This forfeiture proceeding was initiated after the April 2000 effective date of the Civil Asset Forfeiture Reform Act (CAFRA); therefore, the procedures set forth in 18 U.S.C. § 983 apply.

Under CAFRA, the burden of proof is on the United States to establish that the property is subject to forfeiture, by a preponderance of the evidence.   18 U.S.C. § 983(c)(1); *United States v. $181,087.14 in U.S. Currency*, 2002 WL 31951270, *2-*3 (S.D. Ohio 2002).   "The burden of showing something by a 'preponderance of the evidence,' the most common standard in the civil law, 'simply requires the trier of fact "to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence.""   *United States v. Real Property in Section 9,* 308 F. Supp.2d 791, 806 (E.D. Mich. 2004); *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California*, 508 U.S. 602, 622, 113 S. Ct. 2264, 124 L. Ed.2d 539 (1993)(quoting *In re Winship*, 397 U.S. 358, 371-72, 90 S. Ct. 1068, 25 L. Ed.2d 368 (1970)(Harlan, J., concurring)).   The burden then shifts to the claimant to prove by a preponderance of admissible evidence a defense to the forfeiture or to prove that the property is not otherwise subject to forfeiture.   18 U.S.C. § 983(d)(1); *see*, *$181,087.14*, *supra.*

21 U.S.C. § 881(a)(6) is one of the forfeiture statutes upon which plaintiff relies in its assertion that the defendant property should be forfeited.   It subjects to

civil forfeiture all money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act.

When forfeiture is alleged based on 21 U.S.C. § 881(a)(6), then the United States must prove by a preponderance of the evidence that the money is traceable to drug trafficking generally, but not to a specific transaction. *United States v. $21,000.00 in U.S. Postal Money Orders*, 298 F. Supp. 2d 597 (E.D. Mich. 2003); *United States v. $110,873.00 in U.S. Currency*, 2004 WL 2359726 (N.D. Ohio 2004)(property may be forfeited without linking it to a particular drug sale.)

In carrying its burden in a 21 U.S.C. § 881(a)(6) civil forfeiture, the United States is not required to offer direct evidence of a connection between the defendant currency and a specific drug transaction. *See, e.g., United States v. $4,255,000.00*, 762 F.2d 95, 904 (11th Cir. 1985), *cert. denied*, 474 U.S. 1056, 106 S. Ct. 795, 88 L. Ed.2d 772 (1986). Rather, circumstantial evidence is a permissible form of proof in a civil forfeiture action. *United States v. $22,991.00*, 227 F. Supp.2d 1220, 1231 (S.D. Ala. 2002).

Finally, "[i]n evaluating the evidence of proceeds traceable to drug transactions we [the Eleventh Circuit] have eschewed clinical detachment and endorsed a common sense view to the realities of everyday life applied to the totality of the circumstances." *United States v. $242,484.00*, 2004 WL 2434933, *9 (11th

Cir. 2004).

Among other factors, based on Richards's criminal history of involvement in cocaine distribution, his continued involvement in cocaine distribution as described by Southall, who himself was caught with a significant quantity of cocaine; Richards's possession of $4,000 cash when arrested; the search of the defendant property which revealed tools of the drug distribution trade, including a money counter with traces of cocaine; the discovery of a car on the property with $10,000 cash secreted inside its rear quarter panel; the large amount of cash he paid contractors to renovate and expand the property, and the suspicious circumstances surrounding the deposit of $81,000 cash in Wilson's bank account, the Court agrees that the United States has carried its burden to prove by a preponderance that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as it was likely purchased and renovated with money furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substances Act, proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act.  *See United States v. Carrell*, 252 F. 3d 1193,1201-02 (11th Cir. 2001) (evidence that a claimant in a civil forfeiture has been engaged in a drug business over time and has a history of drug violations are probative factors in a 21 U.S.C. § 881(a)(6) civil forfeiture); *United States v. $121,100 in U.S. Currency*, 999 F.2d 1503, 1506-07 (11th Cir. 1993)( claimant's narcotics-related criminal history is a factor the Eleventh Circuit, as well as other circuits, consider); *United States v. $4,424.00*, 1994 WL

568594, *4; *United States v. $121,100.00, supra* at 1507 (11th Cir. 1993)(although insufficient by itself to demonstrate a connection to illegal drugs, the quantity of cash seized [may be] highly probative of a connection to some illegal activity.) *United States v. $2,361.00 U.S. Currency, More or Less*, 1989 WL 135257, *2 (S.D.N.Y. 1989)(a substantial amount of cash present is probative of illegal drug activity, because it is well-known that drug-traffickers usually deal in cash.).   Based on the foregoing facts and authorities, the United States submits that the defendant property is subject to forfeiture pursuant to § 881(a)(6).

In Count Two, it is alleged that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7). Under § 881(a)(7), real property is subject to forfeiture if it is used, or intended to be used, an any manner or part, to commit or facilitate the commission of a Controlled Substance offense, which is punishable by more than one year's imprisonment.   When forfeiture based on § 881(a)(7) is alleged, the United States must establish "that there was a substantial connection between the property and the offense."   18 U.S.C. § 983(c)(3); *see also United States v. $22,991.00 in U.S. Currency*, 227 F. Supp. 2d 1220, 1231 (S.D. Ala. 2002).

As relied upon by the plaintiff, the evidence supporting that the defendant property is subject to forfeiture pursuant to § 881(a)(7), includes: 1) evidence of Richards's criminal history of possession with intent to distribute cocaine and Southall's cooperative information that Richards continued to be actively involved in kilogram quantity cocaine distribution up to his arrest; 2) tools of the drug distribution trade discovered during the search of the defendant property, including

7

money counters; one with cocaine residue; vacuum seal bags; plastic wrap; and, a box in which a digital scale had been; 3) approximately $24,000 in cash bundled together in the kitchen pantry; 4) $10,000 in cash hidden inside the rear quarter panel of a Honda Accord parked outside the house; 5) contractor Sylvester Johnson's description of the tough, shady looking characters delivering cars to Richards from California during the weeks he worked on the house; and, 6) Southall's description of Richards's California Gage Auto cocaine connection before Richards's arrest coupled with the discovery of a business card for Gage Auto in Richards's possession when he was arrested. *See United States v. Herder,* 594 F.3d 352, 364-65 (4th Cir. 2010) (the substantial connection is satisfied by showing that the property made the offense less difficult to commit, or more or less free from obstruction or hindrance); *United States v. 2001 Lexus LS430,* 799 F. Supp. 2d 599, 602-08 (E.D. Va. 2010) ( the illegal act does not have to be the property's primary purpose; there is a substantial connection if the property made the crime less difficult and more or less free from obstruction or hindrance); *United States v. One Parcel...2526 Faxon Ave.*, 145 F. Supp. 2d 942, 946 (W.D. Tenn. 2001) (residence used as stash house for drug money is substantially connected to the drug offense even under CAFRA's higher standard of proof; connection need not be integral, essential, or indispensable, but must have been more than incidental or fortuitous); *United States v. One Parcel…7715 Betsy Bruce Lane*, 906 F. 2d 110, 114 (4th Cir. 1990)(house used to store, prepare, package, and consume cocaine forfeitable under § 881(a)(7)). Based on the foregoing facts and authorities, there is a substantial connection between the defendant property, as it

made it less difficult to store, prepare, and package cocaine, and as a location to stash drug money, which support to a preponderance of the evidence the defendant property is subject to forfeiture pursuant to § 881(a)(7).

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Court has jurisdiction over the subject matter, and the complaint states a claim upon which relief may be granted.

2. In accordance with the Verified Complaint, the defendant 280 Cody Road South, Mobile, Alabama, together with its appurtenances and improvements in Mobile County, Alabama, as more fully described above is **ORDERED** to be forfeited to the plaintiff, the United States of America, for disposition according to law pursuant to 21 U.S.C. §§881(a)(6) and (a)(7), and 18 U.S.C. § 985.

3. This Order resolving all matters and issues joined in this action, the Clerk of Court is directed to close this file for administrative and statistical purposes.

**DONE and ORDERED** this 13th day of February, 2015.

/s/   Callie V. S. Granade
UNITED STATES DISTRICT JUDGE